IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE RAY HAYES, | No. CIV S-11-2732-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| MICHAEL McDONALD, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1). Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, habeas

/ / /

/ / /

relief is not available because the petition is untimely.[1]  Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S. Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).

Upon review of the instant petition, it is obvious that it is untimely.  Petitioner states in his petition that he is challenging a 1996 conviction wherein he pled guilty.  Petitioner indicates he appealed the conviction, but it appears more accurate to conclude that he recently raised his claims in habeas challenges in the State courts in 2011.  He offers no information on prior appeals or habeas challenges.  The current petition was filed in this court on October 17, 2011.

/ / /

---

[1] The United States Supreme Court has ruled that "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (concluding that district court may sua sponte consider the statute of limitations as long as the petitioner has notice and an opportunity to be heard before the petition is dismissed as untimely).

The statue of limitations began to run following petitioner's conviction in 1996. The petitions filed in the State courts in 2011 did not toll the statute of limitations as those petitions were filed long after the statute of limitations expired. As there does not appear to be any basis for tolling the statute of limitations in this case, the statute of limitations expired well before 2000. As the current petition was not filed until 2011, it is clear petitioner is at least 11 years too late.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed as untimely. Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

IT IS SO ORDERED.

DATED: April 13, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE